IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROY MCGEE, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:19-CV-2784-D-BK |
| § | |
| 7/11 SOUTHWESTERN CO, § | |
| DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States Magistrate Judge for judicial screening, including entry of findings and a recommended disposition. The Court granted Plaintiff Roy McGee's motion to proceed *in forma pauperis*, but did not issue process. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I.   BACKGROUND**

McGee, a Texas resident, proceeding *pro se*, filed a *Complaint* against "7/11 Southwestern Co" for a wrongful attack that occurred at a 7-Eleven gas station in Dallas, Texas. Doc. 3 at 1-2. The complaint is inartfully pled and difficult to decipher. McGee alleges *in toto*:

> I was at the gas pump getting on Greenville & University Blvd  The guy came out and ask me to move and I did  I move to the end of the parking lot  My jeep was overheating he came out and sprayed pepper sprayed in my face  I've got diabetes-2 and high blood pressure heart attack symptoms I was blind and I'm handicap  I almost went out into the street and got hit by a car  I called the ambulance  They came from station 55 and I filled a police report service assistance information case #139057 – Aug-10-2019 and I went to the ER at Presbyterians on Walnut & Greenville on 8-11-2019 there records will show I had difficult breathing chest pain nausea and vomiting Jaw pain radiation down my arm dizziness   Why was this done to me this could have killed me   This was at the 7/11 on Greenville &

> University Blvd and there is a witness her name is Willgha Newsome her # (214)586-7942.

Doc. 3 at 1-2 (misspelling and grammatical errors in original).

In the *Civil Cover Sheet* McGee selects (1) "U.S. Government Plaintiff" and "U.S. Government Defendant" as the basis of jurisdiction and (2) "Citizen or Subject of a Foreign Country" and "Incorporated or Principal Place of Business in this State" as the citizenship of the Defendant. Doc. 3 at 3. As to the cause of action, McGee does not cite any statute, and merely states, "I was attack[ed] wrongfully my life was on the line." *Id.*

## II.   ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008). Moreover, "the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The Court liberally construes McGee's *Complaint* with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, McGee has not alleged facts that establish federal question or diversity jurisdiction.

McGee plainly fails to present a federal cause of action. At best, his *Complaint* alleges only state tort claims. However, as a Texas resident, McGee shares the same state of citizenship as Defendant 7-Eleven, a Texas corporation that has its principal place of business in Dallas. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"); *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014). As such, there is no diversity jurisdiction.

Further, because the *Complaint* does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over McGee's state tort claims, if any. 28 U.S.C. § 1367(a).

### III.   LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009). Here, the facts as alleged by McGee clearly demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

### IV.   CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on November 27, 2019.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).